**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AARON BLAKE RABEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 26-0859 (UNA) |
| | ) |
| CITY OF PASADENA, TX, | ) |
| | ) |
| Defendant. | ) |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on initial review of plaintiff's application for leave to

proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1.  The Court will grant

the application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those

applied to pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro*

*se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp.

237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a

complaint contain a short and plain statement of the grounds upon which the court's jurisdiction

depends, a short and plain statement of the claim showing that the pleader is entitled to relief,

and a demand for judgment for the relief the pleader seeks.  FED. R. CIV. P. 8(a).  It "does not

require detailed factual allegations, but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations

omitted).  In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and

direct."  FED. R. CIV. P. 8(d)(1).  "Taken together, [those provisions] underscore the emphasis

placed on clarity and brevity by the federal pleading rules."  *Ciralsky v. CIA*, 355 F.3d 661, 669

(D.C. Cir. 2004) (cleaned up).  The Rule 8 standard ensures that defendants receive fair notice of

the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff brings this civil action against the City of Pasadena, Texas. *See* Compl. at 2. The nature of plaintiff's legal claims is unclear. The complaint's Statement of Claim reads:

> REQUEST OF COMMUNICATIONS, APPOINTMENT OF MASTERS/MAGISTRATE PRETRIAL CONFERENCES CONFER[ENCES], PRE-TRIAL EXAMINATION FOR PROPOSED CONCEPTS OF STATUTE OF LIMITATIONS VS. LIABILITY

*Id*. at 4. Missing, then, is a statement showing that plaintiff is entitled to relief, and plaintiff's demand for "INJUNCTIVE RELIEF, WITSEC," *id*., is not meaningful.

The Court concludes that the complaint fails to meet Rule 8's minimal standard, and dismisses the complaint without prejudice. A separate order will issue.

/s/
RUDOLPH CONTRERAS
United States District Judge

DATE: April 14, 2026

2